# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEFFERY W. HACKENBERG,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0692**  (BOR Appeal No. 2049166)
(Claim No. 2014013378)

**JAG COAL SERVICES, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffery W. Hackenberg, by John Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. JAG Coal Services, LLC, by Robert Busse, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 1, 2014, in which the Board affirmed a January 29, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 10, 2013, decision rejecting Mr. Hackenberg's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 12, 2013, Mr. Hackenberg sought treatment in Raleigh General Hospital's emergency department for back pain arising from an alleged fall in the course of his employment that occurred approximately one month prior and was diagnosed with a lumbosacral sprain/strain. Also on September 12, 2013, Mr. Hackenberg filed a Report of Injury alleging that he sustained injuries to his lower back, left hip, and left lower extremity on August 13, 2013, when he slipped and fell in mud. On October 10, 2013, the claims administrator rejected his application for workers' compensation benefits.

1

Mr. Hackenberg testified at a hearing before the Office of Judges on December 20, 2013, and stated that following the alleged incident, he immediately reported the incident via a two-way radio. He further testified that he discussed the injury with two co-workers during a scheduled break. Finally, he testified that he did not seek immediate medical care because he hoped that the injury would resolve spontaneously, although he alleges that he experienced ongoing pain. Aaron Stowers, co-owner of JAG Coal Services, also testified before the Office of Judges on December 20, 2013. Mr. Stowers testified that the company was unaware of the alleged injury until Mr. Hackenberg sought medical treatment on September 12, 2013.

In its Order affirming the October 10, 2013, claims administrator's decision, the Office of Judges held that the preponderance of the evidence fails to establish that Mr. Hackenberg sustained a compensable injury on August 13, 2013. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 1, 2014. On appeal, Mr. Hackenberg asserts that the evidence of record demonstrates that he sustained a lumbosacral sprain in the course of his employment on August 13, 2013.

The Office of Judges determined that based upon the evidence of record, Mr. Hackenberg has failed to sustain his burden of proof. The Office of Judges noted that although Mr. Hackenberg sought treatment from his family physician six days after the alleged date of injury, he failed to mention either the alleged injury or his ongoing lower back pain. Further, the Office of Judges found that despite Mr. Hackenberg's testimony that he experienced ongoing considerable pain as a result of the alleged injury, he made no attempt to notify JAG Coal Services of the injury and continued to work his regularly scheduled shifts. Additionally, the Office of Judges found that Mr. Hackenberg failed to offer a reasonable explanation regarding why he failed to give JAG Coal Services proper notification of the alleged injury. Finally, the Office of Judges concluded that Mr. Hackenberg's failure to timely report the alleged injury and failure to seek medical treatment during the month following the alleged injury have diluted his allegation that he sustained an injury in the course of his employment on August 13, 2013. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

2

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II